UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-60992-CIV  COOKE/BANDSTRA

ROSENTHAL COLLINS GROUP, LLC,

    *Plaintiff/Counter-Defendant,*

v.

MONEYTEC, LLC,

    *Defendant/Counter-Claimant.*

    _____/

## ORDER DENYING MOTION TO DISMISS

THIS CASE is before me on Rosenthal Collins Group, LLC's Motion to Dismiss Moneytec, LLC's Counterclaim [D.E. 50]. I have reviewed the Parties' arguments, the counterclaim, and the relevant legal authorities. For the reasons explained below, Rosenthal's motion to dismiss the counterclaim is denied.

### I. BACKGROUND[1]

In November 2007, Rosenthal and Moneytec entered into a contract in which Rosenthal licensed the rights to use Moneytec's securities trading software system. The contract was for five years, but could be cancelled by either party with three months notice. As a part of the contract, Rosenthal was obligated to process all orders for foreign exchange trades through Moneytec's software. Rosenthal also agreed not to develop, or assist others to develop or use, any other software to process orders unless Rosenthal obtained Monetec's express approval in

---

[1] These facts are taken from Moneytec's counterclaim. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

writing, or paid Monetec one million dollars.

Rosenthal first filed this lawsuit against Moneytec seeking injunctive relief. The Parties agreed to dismiss Rosenthal's claims, and further agreed to permit Moneytec to file its counterclaim for breach of contract. (*See* Order Granting Stip. [D.E. 48]). Rosenthal now seeks to have Moneytec's counterclaim dismissed because it argues, the one million dollar payment provision is an unenforceable penalty, and not merely a liquidated damages provision. Rosenthal asserts, since the one million dollar payment provision is an unenforceable penalty, Moneytec cannot state a claim for which relief may be granted.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the counter-plaintiff's allegations as true and

construe them in the light most favorable to the counter-plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration, when ruling on a motion to dismiss, is limited to the counterclaim and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

**B. Breach of Contract**

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). In order for a stipulated damages provision to be enforceable as liquidated damages, a court must find: (1) at the time the contract was entered into, the actual damages were uncertain, and (2) the amount stipulated is not "so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *MCA Television Ltd. v. Public Interest Corp.*, 171 F.3d 1265, 1271 (11th Cir. 1999). Whether a liquidated damages provision is reasonable must be determined under the particular facts and circumstances of a case. *See Paradis v. Second Ave. Used Car Co.*, 61 So. 2d 919, 920 (Fla. 1952).

### III. ANALYSIS

It is not disputed that Moneytec has alleged facts sufficient to establish each element of a breach of contract claim. Rosenthal's argument is that the million dollar payment clause can only be construed as a penalty, and therefore Moneytec cannot state a claim upon which relief may be granted. Since this is a motion to dismiss, I am confined to only the facts alleged in the counterclaim. Based on a review of these facts, I am unable to conclude, at this stage of the

litigation, that the million dollar payment clause is an unenforceable penalty.

Although the question of whether the million dollar payment clause is enforceable or not is ultimately a question of law, it is premature to make such a determination here, where the attendant circumstances are not yet before the Court.  *See, e.g., Atlas Pools of the Palm Beaches, Inc. v. P.V. Const. Corp.*, 455 So. 2d 1120, 1121 (Fla. Dist. Ct. App. 1984).  Critical questions remain unanswered, such as whether or not damages were readily ascertainable at the time the contract was entered into, and whether the million dollar figure is in proportion to any damages that might reasonably be expected to follow from a breach.  These questions require a more thorough evaluation than can be had reviewing only the allegations set forth in the counterclaim.

### IV.  CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** that Rosenthal Collins Group, LLC's Motion to Dismiss Moneytec, LLC's Counterclaim [D.E. 50] is **DENIED**. Relatedly, Rosenthal's Motion to Strike the claim for one million dollars [D.E. 50], filed in the alternative, is also **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 10th day of February 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*